1   P. Kristofer Strojnik, SBN 242728
    Law Offices of Peter Strojnik
2   pstrojnik@strojniklaw.com
3   Esplanade Center III, Suite 700
    2415 East Camelback Road
4   Phoenix, Arizona 85016
5   602.510.9409 (tel.)

6   Attorneys for Plaintiff

7                 UNITED STATES DISTRICT COURT

8                 CENTRAL DISTRICT OF CALIFORNIA
9

10  THERESA BROOKE, a married woman
    dealing with her sole and separate claim,      Case No: 5:20-cv-2191
11
                        Plaintiff,                 **VERIFIED AMENDED**
12                                                 **COMPLAINT**
13  vs.
                                                   **(JURY TRIAL DEMANDED)**
14  COURTYARD MANAGEMENT
    CORPORATION, a Delaware corporation
15  dba Courtyard Palm Springs,
16
                        Defendant.
17

18        Plaintiff Theresa Marie Brooke alleges:

19                            **PARTIES**

20        1.     Plaintiff Theresa Brooke is a married woman. Plaintiff is legally disabled,

21  and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2),

22  the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the

23  California Unruh Civil Rights Act. Plaintiff ambulates with the aid of a wheelchair due

24  to the loss of a leg.

25        2.     Defendant, Courtyard Management Corporation, owns and/or operates

26  and does business as the hotel Courtyard Palm Springs located at 1300 Tahquitz

27  Canyon Way in Palm Springs, California. Defendant's hotel is a public accommodation

28

1    pursuant to 42 U.S.C. § 12181(7)(A), which offers public lodging services. On

2    information and belief, Defendant's hotel was renovated after March 15, 2012.

### SUMMARY OF ALLEGATIONS

4        3.    Plaintiff Theresa Brooke brings this action against Defendant, alleging

5    violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et

6    seq., (the "ADA") and its implementing regulations and the California Unruh Civil

7    Rights Act ("Unruh"), California Civil Code §§51, 52. Specifically, Plaintiff brings this

8    action because Defendant's hotel does not comply with Section 503 of the 2010

9    Standards of Accessible Design; Defendant does not have an access aisle at the hotel

10   passenger loading zone that is compliant with Section 503.

### JURISDICTION

12       4.    Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42

13   U.S.C. § 12188.

14       5.    The Court has supplemental jurisdiction over the state law claim. 28

15   U.S.C. § 1367. *See also Johnson v. Mariani*, No. 17-01628-BLF (N.D. Cal. Jul. 10,

16   2017); *Johnson v. United Rentals Nw., Inc*., No. 11-00204, 2011 WL 2746110, at *4.

17       6.    Plaintiff's claims asserted herein arose in this judicial district and

18   Defendant does substantial business in this judicial district.

19       7.    Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c)

20   in that this is the judicial district in which a substantial part of the acts and omissions

21   giving rise to the claims occurred.

### ALLEGATIONS

23       8.    Plaintiff formerly worked in the hospitality industry and her husband

24   works in the travel industry. She and her husband are avid travelers to California for

25   purposes of leisure travel, court-related hearings, conferences and inspections, and to

26   "test" whether various hotels across the Country comply with disability access laws.

27   She has been to California countless times over the past few years for purposes of

28   checking ADA compliance, leisure travel, and court-related conferences.

1    9.    Plaintiff and her sister traveled to the Desert Cities in mid-October 2020

2    for purposes of leisure travel and to test accessibility at local hotels.

3    10.    During this trip, Plaintiff personally visited Defendant's hotel and stopped

4    at Defendant's passenger loading zone directly in front of the lobby. Defendant's hotel

5    has a passenger loading zone where persons and luggage is picked up and dropped off.

6    The passenger loading zone is the area directly in front of the lobby that persons

7    generally park for a short period while checking in or loading luggage.

8    11.    Plaintiff could not access Defendant's lobby because the passenger

9    loading zone did not have an access aisle that complies with Section 503 of the

10   Standards. An access aisle is necessary to mark where other cars should not drive and

11   park, thereby creating a clear path to the lobby from the passenger loading zone for a

12   person in a wheelchair and providing a safe space for persons in a wheelchair without a

13   threat of vehicles running into her. An access aisle is similar to a bike lane for bikers,

14   except an access aisle is for persons in a wheelchair.

15   12.    An illustration of a correct access aisle (the striped portion of the

16   illustration below) and compliant cut-out are provided below, which was not provided

17   by Defendant:

18

19

20



21

22

23

24

25

26

27

28

13.    Deterred at the lack of equality and inability to even access the lobby from the passenger loading zone, Plaintiff could not even enter the lobby.

14.    Plaintiff is deterred from visiting Defendant's hotel in the future until and unless Defendant remedies the barrier referenced above. Plaintiff intends on visiting the Desert Cities again later this year for leisure and further ADA testing, this time with her husband, and will visit Defendant's hotel if it remediates the barrier at issue. If remediation occurs, Plaintiff can then gain equal access as able-bodied consumers.

15.    It is readily achievable to modify the hotel to provide an access aisle. Provision of an access aisle is extremely inexpensive.

16.    Without injunctive relief, Plaintiff and others will continue to be unable to independently use Defendant's hotel in violation of her rights under the ADA.

17.    Other potential violations and barriers to entry at Defendant's hotel may be discovered during this litigation. It is Plaintiff's intention to cure all ADA violations at this hotel in one lawsuit as opposed to doing so in piecemeal litigation, and so she will amend this Complaint pursuant to *Doran* if additional ADA violations are discovered during the case.

## FIRST CAUSE OF ACTION

18. Plaintiff incorporates all allegations heretofore set forth.

19.    Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

20.    Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the

1  2010 Standards would neither fundamentally alter the nature of Defendant's lodging

2  services nor result in an undue burden to Defendant.

3      21.    In violation of the 2010 Standards, Defendant's hotel passenger loading

4  zone does not have a disability access aisle as required by Section 503 of the Standards.

5      22.    Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards,

6  as described above, is readily achievable by the Defendant. *Id*. Readily achievable

7  means that providing access is easily accomplishable without significant difficulty or

8  expense.

9      23.    Defendant's conduct is ongoing, and, given that Defendant has never fully

10 complied with the ADA's requirements that public accommodations make lodging

11 services fully accessible to, and independently usable by, disabled individuals, Plaintiff

12 invokes her statutory right to declaratory and injunctive relief, as well as costs and

13 attorneys' fees.

14      24.    Without the requested injunctive relief, specifically including the request

15 that the Court retain jurisdiction of this matter for a period to be determined after the

16 Defendant certifies that it is fully in compliance with the mandatory requirements of the

17 ADA that are discussed above, Defendant's non-compliance with the ADA's

18 requirements that its passenger loading zone be fully accessible to, and independently

19 useable by, disabled people is likely to recur.

20      WHEREFORE, Plaintiff demands judgment against Defendant as follows:

21          a. A Declaratory Judgment that at the commencement of this action

22             Defendant was in violation of the specific requirements of Title III of the

23             ADA described above, and the relevant implementing regulations of the

24             ADA, in that Defendant took no action that was reasonably calculated to

25             ensure that all of its passenger loading zone is fully accessible to, and

26             independently usable by, disabled individuals;

27          b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR §

28             36.504(a) which directs Defendant to take all steps necessary to bring its

passenger loading zone into full compliance with the requirements set forth in the ADA;

c. Payment of costs and attorney's fees;

d. The provision of whatever other relief the Court deems just, equitable and appropriate.

## SECOND CAUSE OF ACTION

25. Plaintiff realleges all allegations heretofore set forth.

26. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

27. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

28. Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

29. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount of $4,000.00, and not more.

30. Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the requirements set forth in the ADA;

c. Payment of costs and attorney's fees;

1      d.  For damages in the amount of $4,000.00, the statutory minimum, and not

2          more; and

3      e.  The provision of whatever other relief the Court deems just, equitable and

4          appropriate.

5                               **DEMAND FOR JURY TRIAL**

6      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby

7  demands a jury trial on issues triable by a jury.

8

9      RESPECTFULLY SUBMITTED this 25th day of November, 2020.

10                             /s/ P. Kristofer Strojnik

11                             P. Kristofer Strojnik (242728)
                            Attorneys for Plaintiff

12

13                                **VERIFICATION**

14      I declare under penalty of perjury that the foregoing is true and correct.

15          DATED this 25th day of November, 2020.

16

17

18

19

20      Theresa Marie Brooke

21

22

23

24

25

26

27

28